**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EARNESTINE CISSON**<br>1329 Columbia Avenue<br>Plainfield, NJ 07062<br><br>Plaintiff<br><br>v.<br><br>**WIND CREEK BETHLEHEM LLC**<br>77 Wind Creek Boulevard<br>Bethlehem, PA 18015<br><br>And<br><br>**WIND CREEK HOSPITALITY**<br>77 Wind Creek Boulevard<br>Bethlehem, PA 18015<br><br>And<br><br>**JOHN DOE MAINTENANCE COMPANY**<br><br>Defendants | NO. 2:26-CV-7304 |

**PLAINTIFF'S CIVIL ACTION – COMPLAINT**

The Plaintiff, Earnestine Cisson, residing at 1329 Columbia Avenue Plainfield, NJ 07062, by way of Complaint against the defendants says:

**JURISDICTION**

1. Federal Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the Plaintiff is a resident of a different state from the Defendants and the value of the matter in controversy exceeds $75,000.

## VENUE

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which this claim is based occurred in Pennsylvania.

## PARTIES

3. Plaintiff, Earnestine Cisson, is an adult individual residing at 1329 Columbia Avenue Plainfield, NJ 07062.

4. Defendant, Wind Creek Bethlehem LLC, is a corporation or other legal entity existing under the laws and regulations of Pennsylvania with a principal place of business located at 77 Wind Creek Boulevard Bethlehem, PA 18015.

5. Defendant, Wind Creek Hospitality, is a corporation or other legal entity existing under the laws and regulations of Pennsylvania with a principal place of business at 77 Wind Creek Boulevard Bethlehem, PA 18015.

6. Defendant, John Doe Maintenance Company, is an unknown fictious individual, individuals, and/or companies who, at the time of the incident, was responsible for the maintenance, repair, upkeep and cleaning of the Casino and the location of the incident.

## STATEMENT OF FACTS

7. On October 12, 2024, Plaintiff, Earnestine Cisson, suffered severe injuries while walking into Wind Creek Casino (the "Casino") located at 77 Wind Creek Boulevard Bethlehem, PA 18015.

8. At all times, Defendants were acting by and through their employees, servants, and actual, apparent, and/or ostensible agents, acting within the course and scope of their employment, service, and/or agency.

9. At all times, Defendants Wind Creek Bethlehem LLC and Wind Creek Hospitality (hereinafter together as "Wind Creek") operated, controlled, maintained and managed the Casino.

10. At all times, Defendant John Doe Maintenance Company was responsible for the maintenance, repair, upkeep and cleaning of the Casino and the location of the incident.

11. At all times, Defendants purposefully established significant contacts in Pennsylvania, have carried out, and continue to carry out, substantial continuous, and systematic business activities in Pennsylvania, and regularly conduct business in Pennsylvania.

12. At all times, Defendants maintained certain responsibilities and obligations for the Casino, including maintenance and removal of any and all hazardous conditions at the Casino.

13. At all times, Defendants maintained certain responsibilities and obligations for the Casino, including hiring competent maintenance workers to maintain, inspect, repair, upkeep and clean the Casino.

14. At all times, Defendants were responsible for inspecting the Casino and ensuring the Casino was in a safe condition free of hazards to individuals.

15. A business owner must not create an unsafe condition at a property that they own, manage, maintain, or control.

16. A business owner must not permit an unsafe condition to continue to exist at a property that they own, manage, maintain, or control.

17. A business owner must take steps to prevent unsafe conditions from developing at a property that they own, manage, maintain, or control.

18. A business owner must not needlessly endanger its workers, employees and/or other persons on a property that they own, manage, maintain, or control.

19. A business owner must correct any unsafe conditions it knows or should know about a property that they own, manage, maintain, or control.

20. A business owner must perform inspections on its property or at a property that they own, manage, maintain, or control.

21. A business owner should train its workers and/or employees to ensure they perform their job in a safe manner.

22. A business owner that refuses or is unable to correct unsafe conditions at a property that they own, manage, maintain, or control must provide others with appropriate notice and warning of the unsafe condition.

23. A business owner must train its workers and/or employees to ensure a safe property for a property that they own, manage, maintain, or control.

24. On October 12, 2024, Ms. Cisson was walking into the Casino.

25. As Ms. Cisson was walking into the Casino, she was caused to violently fall due to a dangerously bunched mat at the entryway.

26. As she was falling, Ms. Cisson struck her left knee on the ground.

27. Ms. Cisson immediately felt excruciating pain.

28. At all times, the mat at the entryway lacked any visual cues or warnings of the bunched portion.

29. At all times, the area of the entryway lacked any visual cues or caution signs.

30. Defendants, by and through their separate and respective agents, servants, workmen, and/or employees, so carelessly and negligently permitted the mat at the Casino to remain in a dangerous condition.

31. As a direct and proximate result of Defendants' negligence and carelessness, Ms. Cisson sustained devastating, severe and permanently disabling injuries, including but not limited to (1) complex tear of the lateral meniscus; (2) exacerbation of tricompartmental osteoarthrosis; (3) resulting left knee replacement surgery; (4) severe left wrist pain; (5) persistent knee weakness and pain; (6) left knee contusion; and further injury to the bones, muscles, nerves, and ligaments of her body, the full extent of which has yet to be determined.

32. As a direct result of Defendants' carelessness and negligent conduct, Ms. Cisson suffered, and will continue to suffer, agonizing aches, pain and/or mental anguish. Ms. Cisson has sustained a loss of the enjoyment of life, life's pleasures and life's hedonic pleasures past, present and future.

33. As a direct and proximate result of Defendants' carelessness and negligent conduct, Ms. Cisson has been prevented, and will be prevented in the future, from performing her usual duties, activities, occupations and/or avocations, and has suffered loss of earning capacity.

34. Ms. Cisson's injuries were the direct and proximate result of Defendants' carelessness and negligence, and in no way were contributed to by Ms. Cisson.

35. Defendants are jointly and severally liable for Ms. Cisson's injuries and damages.

**COUNT I- NEGLIGENCE**
**EARNESTINE CISSON v. WIND CREEK BETHLEHEM LLC, WIND CREEK HOSPITALITY AND JOHN DOE MAINTENANCE COMPANY**

36. Plaintiff, Earnestine Cisson, incorporates herein by reference all proceeding paragraphs as though fully set forth at length herein.

37. At all times, Defendants Wind Creek and John Doe Maintenance Company owned, operated, controlled, maintained and managed the Casino.

38. At all times, Defendants Wind Creek and John Doe Maintenance Company were responsible for the hiring, training, supervision, and safety of individuals lawfully at the Casino and ensuring the entryway is in a safe condition free of hazards to individuals.

39. Upon information and belief, Wind Creek and John Doe Maintenance Company had actual and/or constructive notice of the unreasonably dangerous condition of the mat located at the entryway to the Casino.

40. Despite this knowledge, Wind Creek and John Doe Maintenance Company, failed to abide by their duties and failed to remedy the unreasonably dangerous condition of the mat located at the entryway to the Casino.

41. Upon information and belief, Wind Creek and John Doe Maintenance Company could have remedied the unreasonably dangerous condition of the mat located at the entryway to the Casino prior to Ms. Cisson's incident.

42. The injuries of Ms. Cisson were caused by the carelessness and negligent conduct of Wind Creek and John Doe Maintenance Company, both generally and in the following particular respects;

a. Failing to maintain the entryway to the Casino in a proper and safe condition;

b. Failing to ensure the mat located at the entryway to the Casino was placed down in a safe condition;

c. Failing to ensure that the mat located at the entryway to the Casino was properly maintained;

d. Failing to ensure the mat located at the entryway to the Casino was placed in a manner to prevent the mat from bunching;

e. Failing to ensure the mat located at the entryway to the Casino was laid flat;

f. Failing to ensure any condition of the ground underneath the mat did not cause the mat to bunch;

g. Failing to fix the mat so it would lay flat after it became bunched;

h. Failing to ensure visible cues were present to alert invitees walking through the entryway that the mat was dangerously bunched;

i. Failing to ensure visible cues were present to alert invitees walking through the entryway that the mat could become dangerously bunched;

j. Failing to warn business invitees, including Ms. Cisson, of the dangerous nature of the entryway;

k. Failing to take proper precautions that business invitees, such as Ms. Cisson, would not be injured at the Casino;

l. Failing to utilize proper warning signs/devices to alert business invites, including Ms. Cisson, of the dangerous condition that existed at the Casino;

m. Choosing a dangerous mat to be placed at the entryway to the Casino;

n. Failing to adequately train their employees, servants, and actual, apparent, and/or ostensible agents on maintenance responsibilities;

o. Failing to adopt, enact, employ, and enforce proper and adequate safety procedures, measures, and plans to identify and remedy dangerous conditions at the Casino; and

p. Failing to properly inspect the Casino for compliance with building codes and regulations

43. Defendant Wind Creek Bethlehem LLC's actions and/or inactions were substantial factors and/or factual causes and/or increased the risk of harm to Ms. Cisson.

44. Defendant Wind Creek Hospitality's actions and/or inactions were substantial factors and/or factual causes and/or increased the risk of harm to Ms. Cisson.

45. John Doe Maintenance Company's actions and/or inactions were substantial factors and/or factual causes and/or increased the risk of harm to Ms. Cisson.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Earnestine Cisson, demands judgment against Defendants, Wind Creek Bethlehem LLC, Wind Creek Hospitality, and John Doe Maintenance Company, jointly and/or severally an amount in excess of Seventy Five Thousand Dollars ($75,000) in

compensatory damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**GROEN STROKOFF O'NEILL**

BY: ______________________

Max I. Goldberg, Esq.
ID No.: 322532
GROEN STROKOFF O'NEILL
125 E. Elm Street, Suite 200
Conshohocken, PA 19428
Phone: (215) 297-6156
Fax: (215) 297-6156
Email: Max@GSOLawyers.com
*Attorney for Plaintiff*

Date: September 22, 2026